Maryjean Ellis, Esquire                 *Counsel for Plaintiff*
93 Main Street #6
Newton, NJ 07860
973-940-8635
Fax: 973-940-0313
Email: mjellis@mjellislaw.com
NJ Bar # 018891996

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL PANZERA, | ) |
| Plaintiff | ) |
| v. | ) No: |
| | ) *Filed Electronically* |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) |
| Defendant. | ) |

## COMPLAINT

The Plaintiff, MICHAEL PANZERA, by way of complaint against defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("Hartford") alleges and says:

## JURISDICTION AND VENUE

1. This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and (f).

## PARTIES

3. At all times material hereto, Plaintiff was a resident of Atlantic

County, Galloway, New Jersey.

4. Plaintiff was an employee of The New Jersey Transit Corporation ("NJ Transit").

5. At all times material hereto, Plaintiff is and/or was a participant in the Group Long Term Disability Plan issued by Hartford to NJ Transit that provided Long Term disability benefits (hereinafter "LTD Plan"). According to the LTD Plan, Hartford has "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions" of the LTD Plan.

6. At all times material hereto, Defendant, Hartford, was a corporation licensed to do business in the State of New Jersey and was charged with making the final benefits determinations at issue under the LTD Plan.

7. The LTD Plan was funded through a contract of insurance issued by Hartford, who pays claims from its own general assets.

8. The LTD Plan contains the following definition of disability:

*"Disability or Disabled means You are prevented from performing one or more of the Essential Duties of:*

    *1) Your Occupation during the Elimination Period;*
    *2) Your Occupation, for the 24 month(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and*
    *3) after that, Any Occupation."*

9. Plaintiff's last day of work for NJ Transit on December 9, 2019.

10. By letter dated October 14, 2020, Hartford determined that Plaintiff

2

did not meet the policy definition of disability as defined in the LTD Plan.

11.     On April 5, 2021, Plaintiff requested reconsideration of the October 14, 2020 denial.

12.     On August 10, 2021, Hartford submitted, for Plaintiff's comment, additional evidence it obtained following Plaintiff's filing of his appeal.  Hartford informed Plaintiff he had twenty-one (21) days (or until August 31, 2021) to provide his response.

13.     On August 11, 2021, Plaintiff submitted his response.

14.     On August 20, 2021, Hartford submitted a clarification document for Plaintiff's comment.

15.     On August 23, 2021, Plaintiff submitted his response, including an Affidavit of Plaintiff.

16.     By letter dated September 7, 2021, Hartford issued its final administrative denial of Plaintiff's appeal.  In this letter, it notified Plaintiff he had until September 6, 2024 to bring any legal action.

## CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Defendant, Hartford)**

17.     The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 16, inclusive.

18.     The LTD Plan provides that Plaintiff is entitled to Long Term

disability benefits if he meets the definition of Disabled.

19. Plaintiff has met the definition of Disabled within the meaning of the LTD Plan and is entitled to disability as of his onset date of disability and through the present.

20. Defendant, Hartford, since December 10, 2019 has failed and refused to pay Long Term disability benefits to Plaintiff and such failure and refusal constitutes an improper denial of benefits pursuant to a disability plan governed by ERISA.

21. The decision denying the Plaintiff the rights and benefits due under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

22. As a direct and proximate result of Hartford's actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

23. Pursuant to 29 U.S.C. § 1132(g) Plaintiff is entitled to a reasonable attorney's fee and costs of action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MICHAEL PANZERA, asks this Court to enter judgment against Defendant HARTFORD, finding that:

(a) Plaintiff met the definition of Disabled under the LTD Plan as of December 10, 2019 and through the present;

(b) Plaintiff is entitled to Long Term disability benefits from his onset date of disability through the present;

(c) Ordering Defendant to pay Plaintiff all benefits due under the Plan;

(d) Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;

(e) Awarding the Plaintiff prejudgment interest to the date of judgment;

(f) An award reasonable attorney's fees and costs incurred in this action is proper; and

(g) Any such other and further relief this Court deems just and proper, including but not limited to a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court.

Dated: __February 15, 2022___   /s/ *Maryjean Ellis*_____
Maryjean Ellis, Esquire
93 Main Street #6
Newton, NJ  07860
973-940-8635
973-940-0313 fax
mjellis@mjellislaw.com
NJ Bar #018891996
*Counsel for Plaintiff*